UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL CASTILLO,<br>　　Plaintiff, | :<br>:<br>: |
| v. | : Civil No. 3:14cv1166(VAB) |
| | : |
| OFFICER HOGAN, et al.<br>　　Defendants. | :<br>: |

## RULING ON MOTION TO DISMISS

Plaintiff, Michael Castillo, is currently confined at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut ("Corrigan"). On March 9, 2015, he filed an amended civil rights complaint naming Correctional Officers J. Hogan, Johnson, John Doe 1, and John Doe 2, Lieutenants Smith, John Doe 1, and John Doe 2, Warden Jon Brighthaupt, Deputy Warden Lauren Powers, Nurses Vickie Garcia, Jane Doe 1, Jane Doe 2, and Jane Doe 3, Nursing Supervisor C. Durato, Medical Supervisor B. Stewart, Medical Grievance Coordinator Sheryl Estrom, Dr. Ricardo Ruiz, and Health Services Administrator S. Brown as defendants.

On April 30, 2015, the Court issued a ruling that: (1) dismissed all claims against defendants Brighthaupt and Powers pursuant to 28 U.S.C. § 1915A(b)(1); (2) concluded that the Eighth Amendment claims of deliberate indifference to medical needs and the state law claims of negligence/malpractice would proceed against Lieutenants Smith, John Doe 1, and John Doe 2, Correctional Officers Hogan, Johnson, John Doe 1, and John Doe 2, Nurses Jane Doe 1, Jane Doe 2, Jane Doe 3, and Vickie Garcia, Nursing Supervisor C. Durato, Medical Supervisor B. Stewart, Medical Grievance Coordinator Sheryl Estrom, Dr. Ricardo Ruiz and Health Services Administrator S. Brown; and (3) permitted the retaliation claim to proceed against Lieutenant Smith and Correctional Officers Hogan and Johnson.

Pending before the Court is the defendants' motion to dismiss [Doc. No. 15]. For the reasons that follow, the motion to dismiss is **DENIED IN PART** and **GRANTED IN PART**.

Consequently, the following claims remain: (1) the Eighth Amendment claims of deliberate indifference to medical needs against Lieutenants Smith, John Doe 1, and John Doe 2, Correctional Officers Hogan, Johnson, John Doe 1, and John Doe 2, Nurses Jane Doe 1, Jane Doe 2, Jane Doe 3, and Vickie Garcia, Nursing Supervisor C. Durato, Medical Supervisor B. Stewart, Medical Grievance Coordinator Sheryl Estrom, Dr. Ricardo Ruiz and Health Services Administrator S. Brown; and (2) the Fifth Amendment retaliation claim against Lieutenant Smith and Correctional Officers Hogan and Johnson. .

## I.  Factual Allegations

Mr. Castillo alleges that, in January 2011, at Cheshire Correctional Institution, he became ill with a severe nasal infection. He claims that, between January and March 6, 2011, Officers John Doe 1 and John Doe 2, Lieutenants John Doe 1 and John Doe 2, and Nurses Garcia, Jane Doe 1, and Jane Doe 2 failed either to treat him for his condition or to arrange for treatment of the condition.

On February 17, 2011, Lieutenant Smith and Correctional Officers Hogan, Johnson, and John Doe 3 placed Mr. Castillo in the restrictive housing unit in connection with an investigation into gang activity. On February 24, 2011, Lieutenant Smith and Correctional Officers Hogan and Johnson escorted Mr. Castillo into a room to be questioned about gang activity. Mr. Castillo complained about the pain caused by his nasal condition. Lieutenant Smith and Correctional Officers Hogan and Johnson informed Mr. Castillo that his answers to their questions and the outcome of their investigation would determine whether they would arrange for him to receive medical treatment. Mr. Castillo denied all knowledge of any misconduct, invoked his Fifth Amendment right not to answer any

questions and refused to cooperate in the investigation. Lieutenant Smith and Correctional Officers Hogan and Johnson then allegedly sent Mr. Castillo back to the restrictive housing unit without arranging for him to receive medical treatment.

Dr. Ruiz examined Mr. Castillo on March 7, 2011, and diagnosed him as suffering from allergies. Dr. Ruiz ordered x-rays and prescribed medication to treat Mr. Castillo's condition. On many occasions after receiving treatment on March 7, 2011, Mr. Castillo complained about the fact that the medication was not helping to treat his nasal condition, but defendant Ruiz allegedly failed to listen to Mr. Castillo, re-examine him, or provide new treatment.

Mr. Castillo made Nursing Supervisor C. Durato, Medical Supervisor B. Stewart, Medical Grievance Coordinator Sheryl Estrom, Health Services Administrator Brown, and Nurse Jane Doe 3 aware of his medical condition and complaints by filing grievances and inmate requests. None of these defendants attempted to arrange for or provide medical treatment to Mr. Castillo.

On June 21, 2012, Grievance Coordinator Estrom allegedly listened to Mr. Castillo's symptoms, but refused to arrange for a physician to see Mr. Castillo immediately. Instead, she placed Mr. Castillo on a list to see a physician and did not provide Mr. Castillo with any treatment or medication.

On July 3, 2012, Nurse Jane Doe 3 allegedly listened to Mr. Castillo's complaints but refused to arrange for a physician to see Mr. Castillo immediately. She suggested that Mr. Castillo had not received treatment for his condition because he had filed too many written grievances and complaints. She allegedly did not provide him with treatment or medication.

Dr. O'Halloran allegedly examined Mr. Castillo on July 19, 2012 and diagnosed him as suffering from a severe nasal infection. He prescribed medication which successfully cured the plaintiff's infection.

## II. Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 169 (2d Cir. 2012). In its review of the complaint, the Court applies a "plausibility standard,'" which is guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the requirement that a court accept as true the allegations in a complaint "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The plausibility standard "does not impose a probability requirement at the pleading stage, it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a plaintiff's claim for relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). Furthermore, even under this standard, courts must liberally construe a *pro se* complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In ruling on a motion to dismiss under Rule 12(b)(6), the Court considers the facts alleged in the complaint, documents either attached to the complaint or incorporated into it by reference, "and

4

matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### III. Discussion

Defendants move to dismiss the amended complaint on four grounds. They contend that Mr. Castillo's federal claims are barred by the statute of limitations, his claims against the Doe defendants should be dismissed due to insufficient service of process, his claims regarding medical treatment fail to state a claim upon which relief may be granted, and his state law negligence claims are barred by sovereign immunity. Mr. Castillo responds that there are several bases to toll the limitations period with regard to his claims and that he has asserted sufficient facts to state a claim of deliberate indifference to medical needs.

#### A. Statute of Limitations

A federal court looks to state law to determine the applicable statute of limitations in a section 1983 action. *See Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005). The Second Circuit has held the general personal injury statute of limitations set forth in Connecticut General Statutes § 52-577 should be applied to the filing of section 1983 claims arising in Connecticut. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Section 52-577 sets a three-year limitations period running from "the date of the act or omission complained of." Conn. Gen. Stat. § 52-577.

Although a federal court looks to state law to determine the applicable statute of limitations for claims arising under section 1983, it must look to federal law to determine when a federal claim accrues. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."). A section 1983 cause of

action generally accrues "when the plaintiff knows or has a reason to know of the harm or injury that is the basis of the action. *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003) (internal quotation marks and citation omitted).

Mr. Castillo filed his complaint on July 18, 2014, the day he signed it and presumably handed it to prison officials to be filed with the Court. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (holding that a *pro se* prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). Defendants argue that the claims related to denials of medical treatment prior to July 17, 2011, as well as the retaliation claim pertaining to events that occurred in February 2011 are barred by the three-year statute of limitations. Mr. Castillo claims that the statute of limitations should be tolled because he was required to exhaust his administrative remedies before filing this action. In the alternative, Mr. Castillo argues that the continuing course of conduct doctrine is applicable to his claims and tolls the limitations period.

"Rules on tolling, revival, and application" are governed by state law. *Hardin v. Straub*, 490 U.S. 536, 539 (1989). Connecticut recognizes a continuing course of conduct doctrine that may toll the limitations period. *See Watts v. Chittenden*, 301 Conn. 575, 582-84 (2011). Furthermore, the Second Circuit has held that the applicable statute of limitations in a section 1983 action must be "tolled while a prisoner completes the mandatory exhaustion process" under 42 U.S.C. § 1997e(a). *Gonzalez v. Hasty*, 651 F.3d 318, 323-24 (2d Cir. 2011). "[T]he date on which [the prisoner] first raised his administrative claims demarcates the commencement of the period of time during which he was actively exhausting those claims." *Id.* at 324.

In opposition to the motion to dismiss, Mr. Castillo claims that he was exhausting

6

his administrative remedies, as required by 42 U.S.C. § 1997e(a), from January 2011 to June 2012 with regard to his claims of denial of medical treatment for his nasal condition. He contends that he commenced the exhaustion process pertaining to his retaliation claim on April 15, 2011, but did not receive a response to his grievance until January 2013, after he had re-submitted it without mentioning defendants Hogan, Johnson, and Smith by name. Accepting Mr. Castillo's assertions regarding the length of time that it took him to exhaust his administrative remedies with regard to his medical and retaliation claims before filing this lawsuit, the complaint was filed within three years of the date he completed the exhaustion process. The motion to dismiss is denied on the ground that the claims of deliberate indifference to medical needs and retaliation are barred by the statute of limitations.[1]

### B.  Failure to State A Claim

The defendants argue that, even if the Court concludes that Mr. Castillo's claims are not barred by the statute of limitations, the allegations of denial of or delayed medical treatment fail to state a claim upon which relief may be granted. The defendants contend that the plaintiff's claims constitute a difference in opinion as to the adequacy of the type of medical treatment provided by the defendants and that a disagreement with treatment does not state a cognizable Eighth Amendment claim.

The Court already has reviewed the claims in the amended complaint and has concluded that the allegations against Lieutenants Smith, John Doe 1, and John Doe 2, Officers Hogan, Johnson, John Doe 1, and John Doe 2, Nurses Garcia, Jane Doe 1, Jane Doe 2, and Jane Doe 3, Supervisors Durato and Stewart, Grievance Coordinator Estrom,

---

[1] Because the Court has determined that the limitations period was tolled during the time the plaintiff was actively exhausting his administrative remedies, it does not reach the plaintiff's alternative tolling argument based on the continuing course of conduct doctrine.

Administrator Brown, and Dr. Ruiz would be sufficient to demonstrate that they were aware of the plaintiff's complaints of pain and discomfort due to a nasal condition at various times between January 2011 and March 2011 and failed to arrange for or provide him with treatment for his symptoms.  See Ruling and Order, Doc. No. 11, at 5-6.  In addition, although Dr. Ruiz prescribed medication for Mr. Castillo's symptoms on March 7, 2011, the medication did not alleviate the symptoms.  Dr. Ruiz, Nurse Jane Doe 3, Nursing Supervisor Durato, Medical Supervisor Stewart, Grievance Coordinator Estrom, and Administrator Brown made no efforts to timely arrange for or offer Mr. Castillo additional treatment for his symptoms after March 7, 2011.  See id.  The Court concludes that the facts alleged in the amended complaint support an Eighth Amendment claim that is more than simply an allegation of a disagreement with treatment.  Because the plaintiff has asserted facts to support a plausible claim of deliberate indifference to medical needs against defendants Smith, Hogan, Johnson, Garcia, Durato, Stewart, Estrom, Ruiz, Brown, Lieutenants John Doe 1 and John Doe 2, Officers John Doe 1 and John Doe 2, and Nurses Jane Doe 1, Jane Doe 2, and Jane Doe 3, the motion to dismiss is denied on this ground.

### C. State Law Claims

Mr. Castillo alleges that the conduct of the defendants in failing to provide him with medical care from January 2011 to July 2012 constituted negligence or medical malpractice.  The defendants argue that they are immune from suit with regard to the state law claims.

Mr. Castillo sues the defendants in their individual and official capacities for injunctive and declaratory relief and monetary damages.[2]  Connecticut General Statutes

---

[2] The plaintiff states in the amended complaint that he is suing the defendants in their individual

§ 4-165(a) provides: "No state employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment." Thus, state employees are not "personally liable for their negligent actions performed within the scope of their employment." *Miller v. Egan*, 265 Conn. 301, 319, 828 A.2d 549, 561 (2003). Furthermore, "[a]ny person having a complaint for [] damage or injury" caused by wanton, reckless or malicious conduct must "present . . . [the] claim against the state" to the State Claims Commissioner who may authorize suit against the state or state official. Conn. Gen. Stat. §§ 4-160, 4-165(a). When filing a lawsuit, the plaintiff must allege that he or she sought "authorization and the date on which it was granted . . . ." Conn. Gen. Stat. § 4-160(c).

The plaintiff has not asserted that he filed a claim with the State Claims Commissioner or that he received the required authorization to file suit against the State and its officials. Accordingly, the negligence and medical malpractice claims against the defendants in their individual capacities are barred by statutory immunity under Conn. Gen. Stat. § 4-165.

"The doctrine of sovereign immunity protects state officials and employees from lawsuits resulting from the performance of their duty." *Hultman v. Blumenthal*, 67 Conn. App. 613, 620 (2002), *cert. denied*, 259 Conn. 929 (2002). This immunity is applicable to both lawsuits against a state as well as to lawsuits against a state official in his or her official capacity. *See Miller*, 265 Conn. at 313 ("[A] suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state.") (internal quotation marks omitted). There is no allegation that the defendants in

---

capacities only. Because he seeks injunctive and declaratory relief as well as monetary damages, the Court liberally construes the amended complaint as asserting claims against the defendants in both their individual and official capacities.

9

their official capacities waived their sovereign immunity to be sued as to any negligence or malpractice claims. Thus, those claims as asserted against the defendants in their official capacities are dismissed as barred by sovereign immunity.

Accordingly, the motion to dismiss is granted as to all state law claims.

### D. Doe Defendants

Defendants argue that the claims against the Doe defendants should be dismissed because they have not been served with a copy of the amended complaint. Mr. Castillo contends that he has served discovery requests on the defendants' counsel seeking the names of the Doe defendants, but counsel has not responded to the requests. Mr. Castillo has recently filed a motion to compel the defendants to respond to his discovery requests that seek documents or information which would help him identify the names of the Doe defendants. The Court has scheduled a telephonic discovery conference for March 11, 2016, to address the issues raised in the motion to compel. In view of Mr. Castillo's allegations regarding his attempts to identify the Doe defendants, the filing of his motion to compel, and the scheduling of the discovery conference, the motion to dismiss is denied without prejudice on the ground that the plaintiff has failed to serve the Doe defendants with a copy of the amended complaint.

## IV. Conclusion

The Motion to Dismiss [**Doc. No. 15**] is **DENIED** as to the federal claims and **GRANTED** as to the state law claims.

SO ORDERED this 22nd day of February, 2016, at Bridgeport, Connecticut.

                                                  /s/ Victor A. Bolden
                                            VICTOR A. BOLDEN
                                            UNITED STATES DISTRICT JUDGE