**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| MICHAEL CASTILLO,<br>        Plaintiff,<br><br>        v.<br><br>J. HOGAN, et al.,<br>Defendants. | No. 3:14-cv-1166 (VAB) |

## ORDER ON MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

On February 28, 2019, Michael Castillo ("Plaintiff") petitioned for a writ of habeas

corpus *ad testificandum* for Jose Melendez, who is currently incarcerated at Corrigan-

Radgowski Correctional Center. Pet. For Writ of Habeas Corpus Ad Testificandum, ECF No.

97.

For the reasons set forth below and subject to the availability of video conferencing

technology at Corrigan-Radgowski Correctional Center, Plaintiff's petition, ECF No. 97, is

**DENIED** without prejudice to renewal.

**I.      Legal Standard**

A federal court may issue a writ of habeas corpus *ad testificandum* to compel a

custodian to produce a prisoner for appearance in court. *Atkins v. City of New York*, 856 F.

Supp. 755, 757 (E.D.N.Y. 1994); 28 U.S.C. § 2241(c)(5); 28 U.S.C. § 1651(a). "In determining

whether it should issue a writ of habeas corpus *ad testificandum,* the district court considers

such factors as whether the prisoner's presence will substantially further the resolution of the

case, the security risks presented by the prisoner's presence, the expense of the prisoner's

transportation and safekeeping . . . and whether reasonable alternatives to the inmate's

attendance exist which would satisfy the needs of the litigants." *Twitty v. Ashcroft*, 712 F. Supp. 2d 30, 32 (D. Conn. 2009).

## II. Discussion

Plaintiff asserts that Mr. Melendez will testify that he "was present in Corrigan-Radgowski's Restrictive Housing Unit and directly witnessed Plaintiff request medical treatment for his sinus [condition] and that Defendants Hogan, Johnson and Smith stated that they would not act in response to Plaintiff's request for medical treatment because he did not cooperate during a State of Connecticut Department of Corrections Investigation." Joint Trial Mem., ECF No. 73, at 11. Plaintiff argues that Mr. Melendez must be physically present so that the jury can assess his credibility. Pet. For Writ of Habeas Corpus Ad Testificandum.

The Court disagrees.

A court will consider a host of factors when determining whether to issue a writ of habeas corpus *ad testificandum*, including "whether reasonable alternatives to the inmate's attendance exist[.]" *Twitty*, 712 F. Supp. 2d at 32.

Plaintiff has provided insufficient evidence to demonstrate that Mr. Melendez's "presence will substantially further the resolution of the case" and no evidence regarding the "security risks" or expenses associated with Mr. Melendez's attendance. *Id*. By contrast, a reasonable alternative to Mr. Melendez's personal appearance exists: remote testimony by videoconference.

The Court is equipped for remote testimony. Further, Defendants Stewart and Smith are likely to appear by videoconference. Order Granting Defendant's Mot. *in Limine* for Defendants Stewart and Smith to Participate in the Trial by Remote Means, ECF No. 79. Mr. Melendez therefore will be one of several remote witnesses presented to the jury.

For these reasons, the Court finds that Mr. Melendez's remote testimony is a reasonable alternative to his appearance in court. *Twitty*, 712 F. Supp. 2d at 32 (Courts consider "whether reasonable alternatives to the inmate's attendance exist[.]").

For the reasons stated above and subject to the availability of video conferencing technology at Corrigan-Radgowski Correctional Center, Plaintiff's petition, ECF No. 97, is **DENIED** without prejudice to renewal.

SO ORDERED at Bridgeport, Connecticut, this 8th day of March, 2019.

  /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE