# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

MICHAEL CASTILLO,
    *Plaintiff*,

v.

JASON HOGAN, et. al,
    *Defendants*.

No. 3:14-cv-1166 (VAB)

## RULING AND ORDER ON MOTIONS IN LIMINE

Michael Castillo ("Plaintiff") an inmate at the Cheshire Correctional Institution ("Cheshire CI"), has sued Sheryl Estrom, Jason Hogan, Allen Smith, Christopher Johnson, Belinda Stewart, and Ricardo Ruiz (collectively "Defendants"), corrections officials and medical providers, for alleged deliberate indifference to his serious medical needs, and retaliation. Rev. Joint Trial Mem., ECF No. 110; Second Am. Compl., ECF No. 35.

Before the jury trial beginning on April 22, 2019, both sides have filed motions *in limine*.

Mr. Castillo moves to preclude Defendants from introducing evidence concerning his and inmate witness Melendez's criminal histories, prison disciplinary records, and Department of Correction's security risk group designations. Mot. *in Limine* to Exclude Pl. and Inmate Witness' Crim. Records, Prison Disciplinary Records, and Dep't of Corr. Security Affiliations at Trial ("Pl. Mot."), ECF No. 74.

Defendants move to exclude Plaintiffs Exhibits 25–27,[1] newspaper articles and a Department of Correction's Auditors' Report, as inadmissible. Mot. *in Limine* to Exclude Pl. Exhibits 19–21 ("Def. Mot."), ECF No. 76.

---

[1] These exhibits were initially labelled 19–21, but are now labeled 25–27. Rev. Joint Trial Mem., Ex. C at 2.

For the reasons below, Plaintiff's motion *in limine*, ECF No. 74, is **DENIED** without prejudice to the possibility of renewal at trial. Defendants' motion *in limine*, ECF No. 76, also is **DENIED** without prejudice to the possibility of renewal at trial.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

    A.     **Factual Background**

Mr. Castillo, an inmate in the custody of the Connecticut Department of Correction, was, at all pertinent times, incarcerated at Cheshire CI. Rev. Joint Trial Mem. at 3. Defendants are correctional officials and medical providers who are or were employed at Cheshire CI. *Id*.

Mr. Castillo asserts two causes of action against Defendants. First, he alleges that Mr. Ruiz, Ms. Estrom and Ms. Stewart were deliberately indifferent to his serious medical needs for a period of eighteen months in violation of the Eighth Amendment of the United States Constitution. *Id*. Second, Mr. Castillo alleges that Mr. Johnson, Mr. Smith and Mr. Hogan retaliated against him "for exercising his Constitutional right to protection from being forced to incriminate himself or another person in connection with a State of Connecticut Department of Correction investigation," *id*. at 4, by denying him unnecessary medical attention.

Mr. Ruiz, Ms. Estrom and Ms. Stewart argue that Mr. Castillo did not suffer from a serious medical condition and that they provided the medically indicated treatment. *Id*. Mr. Johnson, Mr. Smith and Mr. Hogan claim that they did not prevent Mr. Castillo from receiving medical care. *Id*. They allegedly "were in no way motivated by [Mr. Castillo's] supposed lack of cooperation with the [Connecticut Department of Correction's] investigation into gang activity." *Id*. In any event, all of the Defendants assert an entitlement to qualified immunity.

### B. Procedural Background

On August 14, 2014, Mr. Castillo filed his initial Complaint. Compl., ECF No. 1.

On January 26, 2015, the case was assigned to this Court. Order of Transfer, ECF No. 7.

On March 9, 2015, Mr. Castillo filed an Amended Complaint. Am. Compl. ECF No. 10.

On April 30, 2015, the Court issued an initial review order dismissing two of the Defendants from the case, Warden Jon Brighthaupt and Deputy Warden Powers and permitting the case to proceed against the remaining Defendants. Initial Review Order, ECF No. 11.

On June 16, 2015, Defendants filed a motion to dismiss. Mot. to Dismiss, ECF No. 15.

On August 31, 2015, Mr. Castillo opposed the motion to dismiss. Opp. to Mot. to Dismiss, ECF No. 21.

On February 22, 2016, the Court granted in part and denied in part Defendants' motion to dismiss. Ruling on Mot. to Dismiss, ECF No. 27. The Court dismissed Mr. Castillo's state law claims, but permitted his federal law claims to proceed. *Id*. at 10.

On May 31, 2016, Mr. Castillo filed his Second Amended Complaint. Second Am. Compl., ECF No. 35.

On November 16, 2016, Defendants answered the Second Amended Complaint. Answer, ECF No. 38

On April 28, 2017, Defendants moved for summary judgment. Mot. Summ. J., ECF No. 48.

On July 20, 2017, Mr. Castillo objected to Defendants' motion for summary judgment, Obj. re Mot. Summ. J., ECF No. 53, and filed his statement of material facts, Statement Material Facts, ECF No. 54.

On March 31, 2018, the Court granted in part and denied in part Defendants' motion for summary judgment. Ruling on Def. Mot. for Summ. J., ECF No. 55. The Court dismissed the January 2011 to March 7, 2011 deliberate indifference claims against Defendants Hogan, Smith, Johnson, Garcia, Mack, Guzman, and the April 11, 2011 to July 18, 2012 deliberate indifference claims against Defendants Durato, Brown, Garcia, Bouffard and Saraceno. *Id*. at 37. The Court permitted "the claim that Hogan, Johnson, and Smith engaged in retaliatory conduct in February 2011 and the claims that Ruiz, Stewart, and Estrom were deliberately indifferent to Mr. Castillo's sinus condition during the period from April 11, 2011 to July 18, 2012," *id.,* to proceed to trial.

On October 19, 2018, Plaintiff moved to exclude evidence concerning his and inmate Melendez's criminal histories, prison disciplinary records, and security risk group designations. Pl. Mot.

On October 23, 2018, Defendants moved to exclude Plaintiff's newspaper article and Auditor's report exhibits. Def. Mot.

After granting extensions of the trial date, as requested by the parties, the Court scheduled the trial for April 22–24, 2019.

## II.  STANDARD OF REVIEW

Motions *in limine* provide district courts the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2; *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

4

A court should only exclude evidence on motions *in limine* if the evidence is clearly inadmissible on all potential grounds. *Levinson v. Westport Nat'l Bank*, No. 09-cv-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013). The court also retains discretion to reserve judgment on some or all motions *in limine* until trial so that the motions are placed in the appropriate factual context. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009) (quoting *United States v. Chan*, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002)); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

### III. DISCUSSION

#### A. Criminal Convictions, Prison Disciplinary Records, and Security Group Designations

##### 1. Criminal Convictions

Defendants argue that Mr. Castillo and Mr. Melendez's prior convictions are admissible for impeachment during cross examination under Federal Rule of Evidence 609. Rev. Joint Trial Mem., Ex. D, fn 2; FED. R. EVID. 609. Mr. Castillo moves to exclude this evidence as inadmissible under Rules 404(b)(1) and 403. FED. R. EVID. 403, 404(b)(1). Pl. Mot. at 1–2; Mem. of Law in Supp. of Mot. *in Limine* to Exclude Pl. and Inmate Witness' Crim. Records, Prison Disciplinary Records, and Dep't of Corr. Security Affiliations at Trial ("Pl. Mem."), ECF No. 75.

Rule 609(a) permits the introduction of criminal conviction evidence for the purpose of "attacking a witness's character for truthfulness." FED. R. EVID. 609(a).

Federal Rule of Rule 404(b)(1) limits the admission of evidence of crimes or other acts. FED. R. EVID. 404(b)(1). It states that "[e]vidence of a crime, wrong, or other act is not

5

admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1).

Rule 403 permits courts to "exclude [any] relevant[2] evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

In Rule 609(a) challenges, "the Court's threshold inquiry is whether the evidence is relevant." *Vega v. Rell*, No. 3:09-CV-737 VLB, 2013 WL 6243960, at *2 (D. Conn. Dec. 3, 2013). To be relevant, prior convictions or the circumstances surrounding those crimes should shed light on a witness's propensity for dishonesty. *Id.* ("As the plaintiff was convicted of drug and assault offenses, rather than fraud, larceny, embezzlement, obstruction, perjury or other like offenses involving dishonesty or untruthfulness, and further as defendants have not cited to any facts surrounding plaintiff's commission of the offenses thereby enabling the court to determine whether they were committed under circumstances tending to bear on the plaintiff's propensity for dishonesty, the defendants have failed to make a threshold showing of relevancy."). If a prior crime is deemed relevant, courts then employ a balancing test to determine if it is admissible under Rule 403. *Ramos v. Trifone*, No. 3:11CV00679 (SALM), 2015 WL 6509114, at *4 (D. Conn. Oct. 28, 2015).

Second Circuit courts use the *Daniels* factors to determine the admissibility of past criminal convictions under Rule 403. *Id.* (*quoting Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citation omitted)). The four *Daniels* factors are: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past

---

[2] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.

crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels*, 986 F. Supp. at 250. Courts commence their *Daniels* analyses by considering the relation between the prior crimes and witness credibility. *Ramos*, 2015 WL 6509114, at *4 ("[A]ll Rule 609(a)(1) felonies are not equally probative of credibility. Here, the plaintiff's convictions [including convictions for rioting and possession of a weapon or dangerous instrument at a correctional institution] are not necessarily probative as to honesty or veracity.") (internal quotation and citation omitted)).

In 2008, Mr. Castillo was convicted on several murder counts and a conspiracy to commit murder count. Pl. Mem. at 3. Previously, he was convicted of misdemeanor resisting arrest and possession of narcotics. *Id*.

In 2009, Mr. Melendez was convicted on two counts of the sale of narcotics by a drug-dependent person, and two counts of selling a controlled substance within fifteen-hundred feet of a daycare center. *Id*. At 4. Mr. Melendez was previously convicted of risk of injury to a child and second degree harassment. *Id*.

As an initial matter, none of these convictions stem from crimes of dishonesty or untruthfulness. *Vega*, 2013 WL 6243960, at *2 ("[T]he plaintiff was convicted of drug and assault offenses, rather than fraud, larceny, embezzlement, obstruction, perjury or other like offenses involving dishonesty or untruthfulness . . . ."). Further, the crimes of violence or sale of controlled substances could be highly prejudicial to a jury. *See*, *id*.

Nevertheless, some of these crimes could be relevant if "they were committed under circumstances tending to bear on the [witnesses'] propensity for dishonesty[.]" *Id*. Even if Defendants made such a showing, they would then need to demonstrate that these decade-old crimes bear some similarity to the conduct at issue. *Daniels*, 986 F. Supp. at 250. At present, the

admission of these criminal histories seems unfairly prejudicial and the Court has no intention of permitting their introduction as evidence at trial. FED. R. EVID. 403.

Because the trial has not yet occurred, however, this evidence has not been presented in context.

For that reason, Plaintiff's motion to exclude Mr. Castillo and Mr. Melendez's criminal convictions is **DENIED** without prejudice to renewal at trial and the Court will permit Defendants to argue the relevance and admissibility of this evidence at trial. *See Nat'l Union Fire Ins.*, 937 F. Supp. at 287 ("the Court will reserve judgment on the motion until trial when admission of particular pieces of evidence is in an appropriate factual context").

### 2. Prison Disciplinary Records and Security Risk Group Designations

Rule 608(b) limits the admissibility of evidence regarding a witness's character for truthfulness or untruthfulness. FED. R. EVID. 608. It states:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about.

FED. R. EVID. 608(b). The admission of character evidence is further limited by Rules 404 and 403, as discussed above.

Records of prison discipline are generally inadmissible for impeachment unless they reflect dishonesty or deceit. *Lewis v. Velez*, 149 F.R.D. 474, 481 (S.D.N.Y. 1993) ("While impeachment is indeed a proper purpose for the introduction of prior acts, none of the acts chronicled in Mr. Lewis' disciplinary record reflect dishonesty or deceit."). Further, records that reveal gang affiliation are often considered highly prejudicial. *Ramos*, 2015 WL 6509114, at *7 ("Even if plaintiff's gang affiliation is relevant, its probative value is outweighed by the

8

prejudicial effect the evidence would have on the jury. 'Evidence of a witness's affiliation with a gang is highly prejudicial,[3] especially when the gang evidence is not relevant to a central issue in a case.'")(*quoting Case v. Town of Cicero*, No. 10CV7392, 2013 WL 5645780, at *5 (N.D. Ill. Oct. 16, 2013).

While courts are reluctant to admit prison discipline and gang affiliation records, such records may be admissible for impeachment in limited circumstances. *Lewis*, 149 F.R.D. at 481 ("impeachment is indeed a proper purpose for the introduction of prior acts . . . ."). This case appears to present such a circumstance.

Mr. Castillo claims that Defendants Hogan, Johnson, and Smith denied him medical attention "in retaliation for [his] non-cooperation and refusal to become an informant[.]" Second Am. Compl. at 8. Defendants assert that this alleged non-cooperation was related to "the investigation into gang activity." Rev. Joint Trial Mem at 4. Mr. Castillo and Mr. Melendez's prison discipline records and security risk group designations—particularly as they relate to gang activity—therefore may be relevant to the defense against Mr. Castillo's retaliation claims.

But the records and designations themselves do not appear as probative as Defendants' ability to question Mr. Castillo and Mr. Melendez about their gang activity. As a result, the prison discipline records and security risk group designations may not become relevant unless and until Mr. Castillo and Mr. Melendez are asked and deny any gang affiliation. If both readily admit gang affiliation, the admission of the records and the designations may not be necessary at all.

---

[3] The *Ramos* court explained "The Ninth Circuit has held that 'evidence relating to gang involvement will almost always be prejudicial and will constitute reversible error. Evidence of gang membership may not be introduced . . . to prove intent or culpability.'" *Ramos*, 2015 WL 6509114, at *7 (*quoting Kennedy v. Lockyer*, 379 F.3d 1041, 1055 (9th Cir. 2004). The Second Circuit has yet to adopt this exact formulation for reversible error.

Indeed, the Court recognizes that this evidence may be "highly prejudicial" to the jury. *Ramos*, 2015 WL 6509114, at *7. But the jury may not properly understand Mr. Castillo's retaliation claim or Defendants' response to that claim absent these records, if there is a denial of gang affiliation by either Mr. Castillo or Mr. Melendez or both. If that happens, the issue may be whether these records are admissible as "extrinsic evidence of a witness's prior inconsistent statement" under Rule 613 of the Federal Rules of Evidence. FED. R. EVID. 613; *e.g.*, *United States v. Howard*, 639 F. App'x 686, 689 (2d Cir. 2016) (Explaining that the order of witnesses at a trial and the context guide the Court's application of 613: "Additionally, because the police officers testified before Johnson, the requirements of Federal Rule of Evidence 613(b) were not satisfied.").

Because the trial has not yet occurred, however, this evidence has not been presented in context.

For that reason, Plaintiff's motion to exclude Mr. Castillo and Mr. Melendez's prison discipline records and security risk group designations is **DENIED** without prejudice and the Court will permit Defendants to argue the relevance and admissibility of this evidence at trial. *See Nat'l Union Fire Ins.*, 937 F. Supp. at 287 ("the Court will reserve judgment on the motion until trial when admission of particular pieces of evidence is in an appropriate factual context").

    **B.**    **Newspaper Articles and Auditor's Report**

Plaintiff intends to introduce a *Hartford Courant* article entitled "Lawmakers Hear from Families of Sick or Dead Inmates, Then Indict Medical Care by UConn Health," a *CT Mirror* article entitled "Dwindling Oversight Heightens Concern Over Medical Mental Health Care for Inmates," and an Auditor's Report that allegedly reviews a memorandum of agreement between the Department of Correction and the University of Connecticut Health Center's Correctional

Managed Health Care Division." Rev. Joint Trial Mem., Ex. C; Mem. Of Law in Supp. of Mot. *in Limine* to Exclude Pl. Exhibits 19–21, ECF No. 76-1, at 3. Defendant argues that these documents are irrelevant under Federal Rule of Evidence 401, inadmissible as hearsay under Rules 801 and 802, and misleading, confusing, unfairly prejudicial, and a waste of time under Rule 403. FED. R. EVID. 401, 403, 801, 802. Def. Mem.

Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Relevant evidence may be excluded if it fails the Rule 403 balancing test, as explained above. Further, certain hearsay evidence is inadmissible.

"The Federal Rules of Evidence define hearsay as a declarant's out-of-court statement 'offer[ed] in evidence to prove the truth of the matter asserted in the statement.'" *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013)(*quoting* FED. R. EVID. 801(c)). "Hearsay is admissible only if it falls within an enumerated exception." *Id*. (*citing* FED. R. EVID. 802).

"[N]ewspaper articles offered for the truth of the matters asserted therein are inadmissible hearsay." *Odom v. Matteo*, 772 F. Supp. 2d 377, 404 (D. Conn. 2011). Articles describing inadequate or dangerous prison conditions are inadmissible as hearsay when submitted for the truth of the matters asserted. *Allen v. City of New York*, 480 F. Supp. 2d 689, 720 (S.D.N.Y. 2007) ("The CNN article, dated August 16, 1998, reports that, over the prior decade, inmates of Rikers Island jail had been routinely beaten, and correction officers had taken steps to conceal these assaults. The Court, however, cannot consider this article in assessing Allen's opposition to summary judgment. Such evidence constitutes inadmissible hearsay, which is unusable to defeat summary judgment.") (internal quotations and citations omitted)). So too are most news articles used to demonstrate an organizational pattern or practice. *Gonzalez v. City of New York*, 354 F.

Supp. 2d 327, 347, fn29 (S.D.N.Y. 2005) ("The record also contains newspaper articles that appear to be offered in support of Plaintiffs' pattern and practice claims . . . . [they are] inadmissible hearsay and unusable to defeat summary judgment.")(internal quotations and citations omitted)).

To the extent that Plaintiff's exhibits 25–27 are offered to demonstrate a Department of Corrections policy or practice of deliberate indifference to inmates' serious medical conditions, they appear to be inadmissible hearsay. *Gonzalez*, 354 F. Supp. 2d at fn29 ("The record also contains newspaper articles that appear to be offered in support of Plaintiffs' pattern and practice claims . . . . [they are] inadmissible hearsay."). To the extent that the exhibits are meant to show dangerous or inhospitable prison conditions, or even a cover up among prison officials, the exhibits are similarly inadmissible under Rule 801. *See Allen*, 480 F. Supp. 2d at 720 ("The CNN article . . . reports that, over the prior decade, inmates of Rikers Island jail had been routinely beaten, and correction officers had taken steps to conceal these assaults . . . . Such evidence constitutes inadmissible hearsay[.]). The Auditor's report, which does appear to have been produced for or about this litigation, seems to fall into the same category of inadmissible hearsay as the news articles.

Even if Mr. Castillo could demonstrate the inapplicability of Rule 801 to these exhibits or the availability of a hearsay exception under 802, he would still need to demonstrate the relevance of these exhibits under Rule 401 and address Defendants' arguments that these exhibits would not mislead or unfairly prejudice the jury (*i.e.*, under Rule 403). *See* FED. R. EVID. 401, 403, 801, 802.

At this stage, any argument as to the admissibility of these proposed exhibits seems unlikely to succeed. Because the trial has not yet occurred, however, this evidence has not been presented in context.

For that reason, Defendants' motion to exclude Plaintiff's exhibits 25–27 is **DENIED** without prejudice to renewal and the Court will permit Plaintiff to argue the relevance and admissibility of this evidence at trial. *See Nat'l Union Fire Ins.*, 937 F. Supp. at 287 ("the Court will reserve judgment on the motion until trial when admission of particular pieces of evidence is in an appropriate factual context").

## IV. CONCLUSION

For the reasons above, Plaintiffs' motion *in limine*, ECF No. 74, is **DENIED** without prejudice to the possibility of renewal at trial. Defendants' motion *in limine*, ECF No. 76, is also **DENIED** without prejudice to the possibility of renewal at trial.

**SO ORDERED** at Bridgeport, Connecticut, this 16th day of April, 2019.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE